JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7324
    Facsimile: (415) 436-7234
    Email: susan.b.gray@usdoj.gov

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. C 08-3346 MEJ |
| Plaintiff, ) | **JOINT CASE MANAGEMENT STATEMENT** |
| v. ) | ORDER CONTINUING CMC |
| 1. APPROXIMATELY $17,872 IN ) UNITED STATES CURRENCY, et.al. ) | CMC Date: October 16, 2008 Time: 10:00 a.m. |
| Defendants. ) | Courtroom B, 15th Floor |
| John Denn, ) | |
| Claimant ) | |

    Plaintiff, United States of America and claimant John Denn,[1] respectfully submit this Joint Case Management Statement.

    **1.    Jurisdiction and Service**

---

[1] John Denn passed away on August 1, 2008. The United States includes his name on this pleading because the status of his claims and those of his girlfriend/wife and/or estate are unclear. The United States does not waive any challenges to the claim and answered filed on Mr. Denn's behalf or to the standing of the estate or Ms. Lehn aka Denn to pursue the claim.

-1-

1   This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355 and Title 21, United States Code, Section 881(a)(6). Plaintiff contends that it has served notice of this action on all persons who may have an interest in the defendant assets, including the following: John Denn, Christina Lehn, by and through their attorney, Jesse J. Garcia, Esq.

On August 26, 2008, Jesse Gracia, Esq. filed a claim and answer, purportedly on behalf of John Denn. However, John Denn passed away on August 1, 2008, and the claim was not verified by Mr. Denn[2], Ms. Lehn or an executor for the estate.

To date, no other claims have been filed in this action.

## 2. Facts

This is a forfeiture action. The government contends that there is sufficient evidence to believe that the defendant assets are subject to forfeiture, pursuant to Title 21, United States Code, § 881(a)(6), as money furnished or intended to be furnished in exchange for a controlled substance, constitute proceeds from such an exchange, traceable to such an exchange or used or intended to be used to facilitate a violation of Subchapter I, Chapter 13 of title 21 United States Code.

Claimant alleges that the defendant assets do not represent proceeds or money used to facilitate drug trafficking.

The facts regarding the seizure of the defendant assets (funds, vehicles and motorcycles) are set forth in the civil complaint at ¶¶ 7-25, and incorporated herein by reference.

## 3. Principal Factual and Legal Issues

The principal factual and legal issues in dispute are: 1) whether plaintiff can establish by a preponderance of the evidence that the defendant assets are the proceeds of drug trafficking and/or purchased with drug proceeds and thus forfeitable under Title 21, United States Code, Section 881(a)(6) and 2) whether claimant Christina Lehn or the Estate of John Denn can establish by a preponderance of the evidence that she is the innocent owner of the defendant

---

[2]Although Mr. Denn had filed a verified claim in the administrative forfeiture proceeding, a separate claim and answer must be filed in the judicial forfeiture action to obtain standing to challenge the judicial forfeiture. Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(5)(a)(b).

1 vehicles and funds

2 The United States also will challenge Christina Lehn's standing to pursue any claim for
3 the defendant properties.

4 **5. Anticipated Motions**

5 All parties may move for summary judgment at the close of discovery.

6 **6. Relief/Damages**

7 Plaintiff seeks a judgment of forfeiture of the defendant assets. This is not a damages
8 case. Claimant seek the return of the defendant assets.

9 **7. Settlement**

10 At this juncture, matters are far too undeveloped to ascertain the possibility of settlement.

11 **8. Discovery**

12 This is an *in rem* forfeiture case and is exempt from initial disclosures pursuant to Federal
13 Rule of Civil Procedure 26 (a)(1)(B)(ii). The parties have not engaged in any significant
14 discovery of the case. The parties suggest another case management conference would be
15 appropriate in four months.

16 **9. Alternative Means of Disposition**

17 Plaintiff does not request reference to arbitration.

18 **10. Pretrial/Trial Issues**

19 The parties have not yet discussed any trial issues.

20 **11. Class Action**

21 This is not a class action.

22 **12. Related Case**

23 There are no related cases.

24 **13. Other Matters –**

25 As noted above, the status of the claim in this case has been affected by the death of John
26 Denn, the individual from whom the assets were seized. The identity of the executor of Mr.
27 Denn's estate has not been determined. Both parties suggests that the Court consider continuing
28 the case management conference for approximately four months to allow the Estate of John Denn

1 | and/or Ms. Lehn to evaluate their position in the case. The parties propose January 22, 2008, for
2 | the next Case Management Conference or at any time convenient for the Court.
3 | DATED: October 7 , 2008

_____/S/_____
SUSAN B. GRAY
Assistant United States Attorney

DATED: October 7, 2008

_____
JESSE GARCIA
AUSTIN THOMPSON
Attorneys for Claimant John Denn

GOOD CAUSE APPEARING: the Case Management Conference currently scheduled for October 16, 2008, at 10:00 a.m. is hereby continued to January 22, 2009, at 10:00 a.m.

IT IS SO ORDERED.

Dated: October 9, 2008

_____
MARIA ELENA JAMES
United States Magistrate Judge

-4-