IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>1. APPROXIMATELY $17,872 IN UNITED STATES CURRENCY;<br><br>2. 2003 CHEVROLET CORVETTE Z 206, VIN # 1G1YY12S135115402, CALIFORNIA LICENSE # 5AIE270;<br><br>3. 1998 ULTRA CUSTOM MOTORCYCLE, VIN# 19ZWS31A7WROOO879, CALIFORNIA LICENSE # 17B9838;<br><br>4. 2005 HONDA CBR 1000 MOTORCYCLE, VIN #JH2SC57185M100611, CALIFORNIA LICENSE # 17R3273<br><br>5. 2006 YAMAHA YZF R1 MOTORCYCLE, VIN # JYARN15Y06A00026, CALIFORNIA LICENSE # 18J0411<br><br>6. APPROXIMATELY $21,332.72 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT # ******4508;<br><br>7. APPROXIMATELY $2,604.93 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT # ******6940;<br><br>8. APPROXIMATELY $6,706.00 IN FUNDS SEIZED FROM BANK OF | No. C 08-03346 WHA<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT** |

AMERICA ACCOUNT # \*\*\*\*\*\*6897;

9. APPROXIMATELY $12,036.40 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT # \*\*\*\*\*6910;

10. APPROXIMATELY $7,871.00 IN UNITED STATES CURRENCY;

11. 2006 HONDA CBR 100RR MOTORCYCLE VIN # JH2SC57166M200952, LIC. # 18F7883.

        Defendants.
_____/

**INTRODUCTION**

In this *in rem* forfeiture action, the government has moved for default judgment forfeiting defendants currency and property to the United States pursuant to 21 U.S.C. 881(a)(6). This order **GRANTS** the government's motion for default judgment.

**STATEMENT**

Defendants currency and property (collectively, "defendants property") were seized in connection with the investigation and arrest of John Victor Denn ("Denn").

On May 2, 2007, the Pleasanton Police Department executed a search warrant at 18300 Vineyard Road, Castro Valley, California, the residence of Denn and his girlfriend Christina Lehn ("Lehn"). At the time of the search, Denn admitted that he had been selling methamphetamine, cocaine, and marijuana from his home for the past ten years. Denn stated that he was unemployed and did not have any legitimate income, but that he earned between $5,400 and $13,400 per week selling drugs. Denn also stated that he used drug proceeds to purchase at least seven motor vehicles and that he deposited drug proceeds into Bank of America accounts in his name. Lehn was also interviewed by police. She stated that she was aware Denn sold drugs for profit, but she claimed no ownership of any of the assets seized. Denn confirmed that all of the drugs and money seized from his home were his property (Compl. ¶¶ 8–10, 17–18).

The government asserts that during the May 2 search of Denn's residence, officers confiscated approximately 42.9 grams of methamphetamine and 28.7 grams of cocaine.

2

1  Officers seized a total of $17,872 in United States currency (defendant 1), consisting of ten $1
2  bills, one $2 bill, six $5 bills, six $10 bills, one hundred eighty-six $20 bills, fifteen $50 bills
3  and one hundred thirty-three $100 bills. Defendant vehicles 2, 3, 4 and 5 were also seized. The
4  search uncovered documentation of three Bank of America accounts, including defendant 6
5  (containing $21,332.72), which was seized on May 3, 2007, pursuant to a state seizure order
6  (Compl. ¶¶ 11–16).

On August 23, 2007, officers returned to Denn's residence where they arrested Denn and conducted a probation search. During this search, officers seized 390.8 grams of methamphetamine, defendant currency 10 ($7,871.00), and defendant motorcycle 11. The probation search also uncovered documentation of defendant bank accounts 7 (containing $2,604.93), 8 (containing $6,706.00) and 9 (containing $12,036.40), which were subsequently seized on September 12, 2007, pursuant to a state seizure order. At the time of his arrest, Denn again admitted to selling methamphetamine and stated that all of the cash found in his home office had come from drug sales (Compl. ¶¶ 19–25).

The government asserts that *in rem* defendants currency and property are subject to forfeiture as proceeds traceable to narcotics exchanges, things of value furnished in exchange for a controlled substance, and funds intended to be used in exchange for narcotics. 21 U.S.C. 881(a)(6). Any property subject to civil forfeiture may be seized and forfeited under the FRCP Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("FRCP Supp"), and thereby, the Admiralty Local Rules. 21 U.S.C. 881(b); 18 U.S.C. 981(b)(2)(A).

**ANALYSIS**

A seizure under Section 881 must be performed in compliance with Title 18, Section 981(b). 21 U.S.C. 881(b). Because the government asserts only that the Pleasanton Police Department had a search warrant for 18300 Vineyard Road and does not state that a warrant was obtained for the seizure as outlined in Section 981(b), this order must evaluate whether this seizure was proper. Seizure may be made without a warrant if it is done in compliance with local admiralty rules and there is probable cause for the government's belief that defendants property had a substantial connection with criminal activity. 18 U.S.C. 981(b)(2).

3

1  Additionally, the seizure must be made either pursuant to a lawful arrest or search, under an
2  exception to the Fourth Amendment warrant requirement, or pursuant to a lawful seizure by
3  state or local law enforcement.[1]  *Ibid*.  The seizures that have taken place in this action have
4  complied with the law.

This order will first address how the seizures complied with the local admiralty rules.
Then, it will discuss the basis for finding that there is probable cause for the government's
belief that a substantial connection exists between defendants property and Denn's drug sales.
Finally, the order will discuss the applicability of the *Eitel* factors, and why they weigh in favor
of granting the government's motion.

### 1. THE GOVERNMENT HAS COMPLIED WITH LOCAL ADMIRALTY RULES.

FRCP 55(b)(2) entitles a party to apply to a court for entry of judgment by default.  In
this district, Admiralty Local Rule 6-2 provides that default judgment in an *in rem* action may
be entered under FRCP 55(b) any time after default has been entered.  Default was entered in
this case on August 12, 2009.  Accordingly, this order will evaluate whether the government has
satisfied the notice requirements for seeking a default judgment as provided by Admiralty Local
Rule 6-1(a).

As this action arises under a federal statute, it is subject to FRCP Supp G.  Admiralty
Local Rule 6-1 therefore requires that due notice of the action and arrest of the property has
been given:

> 1. Through execution of process in accordance with FRCP Supp G(3), which requires the clerk to issue a warrant for arrest of property *in rem* if the property is in the government's possession; and

---

[1] As there has been no valid answer made to the government's complaint, the record in this action contains no evidence of any contention that either Denn's arrest or the search of Denn's residence were unlawful in any way. Accordingly, this order need only discuss the remaining two issues: compliance with the local admiralty rules and probable cause.

4

2. In accordance with FRCP Supp G(4), which requires:

    a. Notice by publication; and

    b. Notice to known potential claimants.

Here, the government has satisfied its burden under Admiralty Local Rule 6-1(a).

*First*, a warrant for arrest of property *in rem* was issued by the clerk on July 11, 2008. The government has therefore complied with the requirement of FRCP Supp G(3).

*Second*, the government published a notice of the present action in *The Recorder*, a daily legal newspaper of general circulation in this district, on August 12, 2008, and on an official government forfeiture internet site (www.forfeiture.gov) for thirty consecutive days, beginning on July 22, 2008, thereby complying with the notice by publication requirement of FRCP Supp G(4)(a).[2] The government also noticed all parties that it determined to be potentially interested in this action by mailing the required documents to the last known addresses of each of the parties. FRCP 5(b)(2)(C). Notice was sent on June 11, 2009 to Christine Walker (Denn's sister and the administrator of his estate — Denn passed away on August 1, 2008), Henry Glasser (Ms. Walker's attorney), and Denn's wife, Sheri Denn. On June 19, 2009, notice was also sent to Denn's mother, Gloria Denn. On June 26 and July 6, 2009, at the direction of this Court, the government sent supplemental notice to all of the above listed parties and to attorney James Steven McCarthy (Ms. Lehn's attorney). This supplemental notice informed the parties that absent the filing of a claim by any interested party by July 19, 2009, the government may file a Request for Clerk's Entry of Default and thereafter the Court would entertain the government's Motion for Default Judgment. By serving all of these parties and complying with the Court's additional notice requirements, the government has satisfied its burden under FRCP Supp G(4)(b).

---

[2] FRCP Supp G(4)(a) requires internet notice to be posted "before the action [is] filed." In this action, the internet notice was posted *after* the complaint was filed. The posting did appear, however, shortly after the action was filed and for the requisite 30 days. Potentially-interested parties were no less likely to see and respond to the notice posting simply because it was posted after the action was filed. Had the late notice posting led to the filing of a tardy claim, the posting's timing would have been material to the Court's decision regarding the validity of such a claim. But no otherwise-valid claim has been filed, timely or untimely. Accordingly, the posting satisfied the Notice by Publication requirements of FRCP Supp G(4)(a) for the purposes of this action.

5

### 2. THE GOVERNMENT HAS PROVEN PROBABLE CAUSE FOR THE FORFEITURE OF DEFENDANTS CURRENCY AND PROPERTY.

Before forfeiture can be granted, the government must show probable cause for its belief that there is a substantial connection between the property to be forfeited and criminal activity. 19 U.S.C. 1615; *United States v. Padilla*, 888 F.2d 642, 643 (9th Cir. 1989). A showing of probable cause is also required by 18 U.S.C. 981(b)(2)(B). Probable cause is based upon an aggregate of facts in a given situation and may be established by circumstantial evidence or even inadmissible evidence. *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 872 (9th Cir. 2001).

Facts that have contributed to findings of probable cause have included: recovery of large amounts of currency not bound by standard bank currency straps, *United States v. $129,727.00 U.S. Currency*, 129 F.3d 486, 490 (9th Cir. 1997); possession of a large amount of currency, *Padilla*, 888 F.2d at 644; and small denominations of bills, *United States v. Sixty-Eight Thousand Five Hundred Eighty Dollars ($68,580.00) in U.S. Currency*, 815 F. Supp. 1479, 1483 (D. Ga. 1993).

The large amounts of currency and small denominations of some of the bills in this action are strong evidence supporting a finding of probable cause. Additionally, the currency and property seized were found in and around the same residence from which police removed more than four hundred grams of methamphetamine and twenty-eight grams of cocaine. The proximity of the seized currency and property to the recovered narcotics is compelling evidence that there is a strong connection between the property and the illegal activity outlined in 21 U.S.C. 881(a)(6). These factors alone may be sufficient to establish probable cause of a substantial connection between defendants property and Denn's drug sales. Denn's statements to police, however, provide the strongest evidence supporting a finding of probable cause. The government asserts that Denn told police officers that he was unemployed and had no legitimate source of income. Denn stated that he had been selling drugs for ten years and that he used the proceeds from his drug sales to pay all of his expenses, including mortgages, credit cards, home equity loans and utilities. Denn also stated that he purchased at least seven motor vehicles with drug proceeds (Comp. ¶¶ 9–10).

6

In conclusion, the government has shown probable cause for the forfeiture of defendants property under 21 U.S.C. 881(a)(6). Had a claimant made an appearance in this action, the burden would have shifted to the claimant to show that defendants property had legitimate origins or a legitimate objective. It is precisely because no appearance has been made that the government moves for default judgment.[3]

### 3. THE *EITEL* FACTORS WEIGH IN FAVOR OF GRANTING THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT.

In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit laid out the factors a district court may consider in determining whether or not to grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–2. In this action, these factors weigh heavily in favor of granting plaintiff's motion. If the Court were to refuse to grant a default judgment, plaintiff would certainly be prejudiced — the government would be required to expend further time and effort in an action that has no opposing party. Absent a default judgment, the government may be altogether without recourse. Plaintiff's claims have significant merit, and as previously discussed, plaintiff provided adequate notice of its complaint under the federal rules. The sum of the currency and property in question, though not insubstantial, is not large enough to warrant denial of the motion. There is no evidence that excusable neglect is the reason no valid claim or answer has been filed and there has been no dispute raised as to any material fact. Finally, although it is preferable to decide a case on its merits, when there is no opposing party a decision on the merits is "impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

---

[3] The law firm of Garcia, Schnayerson & Thompson filed an answer to the government's complaint on behalf of John Denn on August 26, 2008. However, it was later ascertained that Denn had passed away on August 1, 2008, more than three weeks prior to the filing of the answer. The firm claimed it would be representing Christina Lehn, in her capacity either as Denn's wife or as the executor of Denn's estate. It was subsequently determined, however, that Lehn was not the executor of Denn's estate, and that Denn was married to Sheri Denn, thereby calling in to question the legality of any subsequent marriage between Denn and Lehn. The firm's filing of an answer on August 26, 2008, was therefore invalid, as the firm was not representing any particular party at that time. The firm withdrew from this action on June 25, 2009.

7

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. The government's motion for default judgment is **GRANTED**. In so doing, the Court finds that probable cause existed for the seizure and the forfeiture of defendants currency and property as alleged in the complaint.

2. Defendants currency and property shall be and are hereby condemned and forfeited to the United States, pursuant to 21 U.S.C. 881(a)(6). All right, title and interest in said currency and property is vested in the United States of America.

**IT IS SO ORDERED.**

Dated: September 11, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE